UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES A. SCHOCH,

                Plaintiff,

-against-

JUDGE MARY ANN SCATTARETICO-NABER (THE COURT); SHARI RACKMAN; DAVID PECK; JENNIFER DEMERS,

                Defendants.

7:24-CV-2294 (CS)

ORDER OF DISMISSAL

CATHY SEIBEL, United States District Judge:

    This Order incorporates my Order of May 16, 2024 (ECF No. 9.)

    Plaintiff James A. Schoch's Amended Complaint, (ECF No. 10), is dismissed essentially for the reasons set forth in the May 16, 2024 Order. As explained in that Order, Judge Mary Anne Scattaretico-Naber of the New York Family Court is absolutely immune, and the remaining Defendants are not state actors who can be sued under 42 U.S.C. § 1983 for constitutional violations.

    To the extent Plaintiff contends that the remaining Defendants may be regarded as state actors because they are in a conspiracy with the Judge, there are no facts rendering that conclusion plausible. *See Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *Harrison v. New York*, 95 F. Supp. 3d 293, 323 (E.D.N.Y. 2015).

    All federal claims are therefore dismissed.

    Nor has Plaintiff shown that the Court has subject matter jurisdiction over any potential state-law claims based on diversity of citizenship. He has not alleged facts showing that he and all of the defendants named in his Amended Complaint were not, at the time of the filing of his original Complaint, citizens of the same State. For example, as to Defendant Peck Plaintiff

shows only that he owns property in Scarsdale, and as to Defendant Rackman Plaintiff shows only that she ran for office in New Rochelle in 2015.  These facts do not suffice to show domicile as of the date of filing.  But even if they did, Plaintiff sets forth only federal claims, which for the earlier-stated reasons are without merit, and does not identify any viable state-law claim, despite this Court's instruction that the Amended Complaint would need to detail exactly what conduct, on the part of what Defendant, he alleges to have violated what right.[1]

Accordingly, the Clerk of Court shall enter judgment dismissing the claims under 42 U.S.C. § 1983 against Judge Scattaretico-Naber under the doctrine of judicial immunity and as frivolous; dismissing Plaintiff's claims under Section 1983 against the other defendants for

---

[1] Plaintiff purports to allege claims under New York's Rule of Professional Conduct 1.7(b) and New York State Bar Association guidance, but as previously explained, those provisions do not provide for a cause of action under state law.  Plaintiff makes a passing reference to intentional infliction of emotional distress ("IIED"), but does not specify which actions by which Defendant he regards as constituting IIED.  Further, while I have no doubt that the Family Court proceedings are upsetting to all concerned, the facts Plaintiff sets forth do not surmount the "exceedingly high bar," *Coleman v. Grand*, 523 F. Supp. 3d 244, 266 (E.D.N.Y. 2021), for such claims, *cf. Allam v. Meyers*, No. 09-CV-10580 2011 WL 721648, at *9 (S.D.N.Y. Feb. 24, 2011) (IIED claims must be dismissed where case involves garden-variety dispute best resolved under Domestic Relations Law or Family Court Act) (internal quotation marks and citations omitted); *Weicker v. Weicker*, 22 N.Y.2d 8, 11, 237 N.E.2d 876, 877 (1968) ("strong policy considerations militate against judicially applying [IIED] to the factual context of a dispute arising out of matrimonial differences"); *Baron v. Jeffer*, 98 A.D.2d 810, 811 (App. Div. 1983) (extending *Weicker* to unmarried cohabiting couples).  Plaintiff also makes a passing reference to discrimination but presents no facts suggesting on what grounds he might have suffered discrimination.  Accordingly, if the Court were to have diversity jurisdiction, it would dismiss the IIED and discrimination claims for failure to state a claim upon which relief can be granted.

failure to state a claim on which relief may be granted; and dismissing Plaintiff's claims under state law, to whatever extent any may have been intended, for lack of subject matter jurisdiction. The Clerk of Court shall also close the case.

SO ORDERED.

Dated:  June 27, 2024
        White Plains, New York

_____
CATHY SEIBEL
United States District Judge